FILED

RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com
JACLYN BLANKENSHIP (S.B. #267524)
jblankenship@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

2012 MAY 25 PM 4:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

MATTHEW D. POWERS (S.B.#212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
Neutrogena Corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARA CHOW, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

NEUTROGENA CORP., a Delaware
Corporation; and DOES 1 through 100,
inclusive,

Defendants.

Case No. CV12-4624-RGK (RZx)

**(Los Angeles County Superior Court
Case No. BC483371)**

**DEFENDANT NEUTROGENA
CORPORATION'S NOTICE OF
REMOVAL**

**(28 U.S.C. §§ 1332(d), 1441 and 1453)**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Neutrogena Corporation ("Neutrogena"), the only named defendant in the above-titled action, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 from the Superior Court for the State of California for the County of Los Angeles to the Untied States District Court for the Central District of California. Removal is proper because this is a putative class action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §§ 1441(a) & 1453(b). Specifically, this action satisfies the jurisdictional prerequisites under the Class Action Fairness Act ("CAFA"). Minimal diversity exists because Neutrogena is a citizen of Delaware and California and the putative class includes citizens of other states who purchased certain Neutrogena products. Additionally, the amount in controversy exceeds $5 million dollars. This Notice of Removal is timely because it has been filed within thirty days of the date Defendant was served with the summons and complaint. *See* 28 U.S.C. § 1446(b). Thus, this Court has original jurisdiction over this action based upon diversity of citizenship. 28 U.S.C. § 1332(d)(2).

## I.   BACKGROUND

### A.   Timeliness of Removal

On April 24, 2012, Plaintiff Mara Chow ("Plaintiff") commenced this action by filing a Summons and Class Action Complaint in the Superior Court for the State of California for the County of Los Angeles captioned *Mara Chow, individually and on behalf of all others similarly situated vs. Neutrogena Corp., a Delaware Corporation; and Does 1 through 100, inclusive*, No. BC483371. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A. Neutrogena was served with a copy of the Summons and Complaint by process server on April 25, 2012. (Declaration of Jaclyn Blankenship ¶ 2.) On May 8, 2012, Neutrogena

DEFENDANT NEUTROGENA'S
NOTICE OF REMOVAL

filed a Notice of Related Cases.  A true and correct copy of the Notice of Related Cases is attached as Exhibit B.  This Notice of Removal is timely because it is filed within thirty days of the April 25, 2012 service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

### B.    Plaintiff's putative nationwide class action complaint

Plaintiff alleges that Neutrogena engaged in allegedly misleading business practices with respect to the labeling and advertising of certain Neutrogena products ("Products").[1]  Plaintiff brings claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. (Count I), False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq (Count II), Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 et seq. (Count III), as well as a Breach of Express Warranty claim (Count IV) on behalf of herself and "all persons residing in the United States who purchased" these Products from February 15, 2008 to present.  (Compl. ¶ 16.)

Plaintiff seeks, *inter alia*, an order enjoining the allegedly misleading business practices (Compl. ¶ 52) and "restitution and damages" to the consumers who purchased these Products.  (Compl. ¶¶ 39, 52, 62.)  Plaintiff alleges that the putative nationwide class comprises "many thousands of persons throughout the United States and California" and that "millions of units of the Products have been sold in the United States and State of California during the Class Period."  (Compl. ¶ 17.)  Plaintiff also alleges that Neutrogena's alleged misleading business practices "result[ed] in profits of millions of dollars or more to Neutrogena" (Compl. ¶ 15; *see also* Compl. ¶ 41.)

---

[1] As used herein, "Products" refers to the products identified by Plaintiff in her complaint.

2

## II.   CAFA JURISDICTION

Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332(d).  Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (1) involving a plaintiff class of 100 or more members; (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) where at least one member of the plaintiff class is a citizen of a Statue different from any defendants.  *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B).

### A.   The Putative Nationwide Class Consists of Over 100 Class Members.

Plaintiff's Complaint purports to be filed on behalf of a class comprised of "All persons residing in the United States who purchased the Products for personal use and not for resale during the time period February 15, 2008, through the present." (Compl. ¶ 16a.)  Plaintiff alleges that "[t]he Class comprises many thousands of persons throughout the United States and California." (Compl. ¶ 17.) While Neutrogena denies that any class exists here or that any class could be certified pursuant to Rule 23, Plaintiff's allegations within the Complaint satisfy the 100 person requirement of CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).

### B.   Diversity of Citizenship Exists as Required by CAFA.

Diversity of citizenship exists between Neutrogena and putative members of the class.  For a putative class action that meets the other requirements of CAFA, diversity of citizenship exists if "any member of a class of plaintiffs" has diverse citizenship from at least one defendant.  28 U.S.C. § 1332(d)(2)(A).  Neutrogena is incorporated in Delaware and is headquartered in Los Angeles, California.  Thus, for diversity purposes, Neutrogena is a citizen of both Delaware and California.  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S. 2010).

DEFENDANT NEUTROGENA'S
NOTICE OF REMOVAL

Plaintiff alleges that she resides in Los Angeles County, California, and has done so at all relevant times. (Compl. ¶ 10.) Plaintiff also allegedly purchased the products in Los Angeles County, California. (Compl. ¶ 10.) On information and belief, Plaintiff is a citizen of the United States and intends for California to be her permanent home. Consequently, Plaintiff is a citizen of the State of California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff also alleges, however, that the putative nationwide class consists of "many thousands of persons *throughout the United States* and California." Compl.¶ 17 (emphasis added). The Products at issue are sold throughout the United States, including in states other than California or Delaware. (*See* Declaration of John Lottier ("Lottier Decl.") ¶ 2.) Accordingly, at least one putative class member is not a citizen of Delaware or California, thereby satisfying minimal diversity for purposes of CAFA jurisdiction. 28 U.S.C. § 1332(d)(2)(A).

### C.    The Amount in Controversy Exceeds $5 million.

Under CAFA, the amount in controversy requirement is satisfied if the claims of the putative class exceed, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Although Neutrogena disputes liability and damages, the requirement is satisfied if Plaintiff's claims on behalf of herself and the putative nationwide class would, if granted, exceed $5 million. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, ***not what a defendant will actually owe***.") (citations omitted, emphasis added).

Here, Plaintiff seeks in excess of $5 million in the aggregate. Plaintiff seeks compensatory damages, restitution, punitive damages and attorneys fees. (Compl.

4

¶¶ 52, 62, 73 and Prayer C, D, F, and G.)  Among other things, Plaintiff alleges that she "and the Class have been damaged in the amount of the purchase price of the Products they purchased." (Compl. ¶ 78.)  The retail price for the Products ranges from $11.99 to $21.99, (Lottier Decl. ¶ 3) and Plaintiff alleges that Neutrogena "sold millions of units of the Products" during the Class Period.  (Compl. ¶ 37; *see also* ¶ 17.)  As of the date of this notice, total nationwide retail sales since February 15, 2008 of the Products at issue in the Complaint have, in the aggregate, exceeded $5 million. (Lottier Decl. ¶ 4.)  Thus, although Neutrogena disputes that either Plaintiff or the members of the putative class have suffered any injury or are entitled to any recovery, the amount in controversy in this case exceeds $5 million.  *See Lewis v. Verizon Comm'ns Inc.*, 627 F.3d 395 (9th 2010) (defendant's affidavit demonstrated by a preponderance of the evidence that the amount in question exceeded $5 million).

### D.    No Exception to CAFA applies.

CAFA contains a number of exceptions which, where applicable, prevent the Court from exercising jurisdiction over a class action, even where that class action meets CAFA's threshold requirements triggering diversity jurisdiction.  It is plaintiff's burden, however, not defendant's, to demonstrate that an exception applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007) (requiring party seeking remand to demonstrate the applicability of the "home state" and "local controversy" exceptions to CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008).

In any event, Plaintiff will be unable to demonstrate that either exception applies here because California citizens do not comprise two-thirds of the putative nationwide class.  Both the home state and the local controversy exception require that at least two-thirds of the putative class members be citizens of the same state as Neutrogena. *See* 28 U.S.C. §§ 1332(d)(4)(A) (local controversy), 1332(d)(4)(B)

5

1   (home state).  Since the Products were sold throughout the United States, the
2   putative nationwide class is not primarily comprised of Californian citizens and no
3   exception to CAFA jurisdiction applies here.

4   **III.   VENUE**

5       Plaintiff's state court action was commenced in the Superior Court of the
6   State of California for the County of Los Angeles and, pursuant to 28 U.S.C. §§
7   84(c), 1441(a), 1446(a) and (b), and 1453(b)  may be removed to this United States
8   District Court for the Central District of California, which embraces Los Angeles
9   County within its jurisdiction.

10  **IV.   NOTICE**

11      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being
12  contemporaneously filed with the Clerk of the Superior Court for the State of
13  California for the County of Los Angeles and served upon Plaintiff.

14  **V.   CONCLUSION**

15      In sum, this Court has removal jurisdiction over this action under 28 U.S.C.
16  §§ 1441(a) and 1453(b) because minimal diversity exists, the amount in controversy
17  exceeds $5 million, and this Notice has been filed within thirty days of Neutrogena
18  being served with the complaint. *See* 28 U.S.C. § 1446(b).  As such, Neutrogena,
19  the sole named defendant in the above-titled action, respectfully removes this action

20
21
22
23
24
25
26
27
28

6

DEFENDANT NEUTROGENA'S
NOTICE OF REMOVAL

1   from the Superior Court for the State of California for the County of Los Angeles

2   (Case No. BC483371), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and

3   1453.

4

5

6   Dated:        May 25, 2012                O'MELVENY & MYERS LLP

7

8                                            By: _____

9                                               Jaclyn Blankenship

10                                           Attorneys for Defendant
                                             Neutrogena

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7                   DEFENDANT NEUTROGENA'S
                                                        NOTICE OF REMOVAL

EXHIBIT A

00/00/2012  13:17:27 FAX 2132499990        NATIONWIDE LEGAL EXPRESS                7

10:50   4.25.12



# **COPY**
SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 24 2012

John A. Clarke, Executive Officer/Clerk

BY _____ , Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEUTROGENA CORP., a Delaware Corporation; and DOES 1 though
100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mara Chow, individually and on behalf of all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>Superior Court of California, Los Angeles<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan J. Clarkson, Red Law, LLP, 100 Wilshire Blvd., Ste. 950, Santa Monica, CA 90401, (310) 917-1070

DATE: April 24, 2012          JOHN A. CLARKE          Clerk, by _____ , Deputy
*(Fecha)*                                      *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Neutrogena Corp.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



COPY

1   Ryan J. Clarkson, State Bar No. 257074
    rclarkson@redlawllp.com
2   Edward D. Dubendorf, State Bar No. 275456          CONFORMED COPY
    edubendorf@redlawllp.com                             ORIGINAL FILED
3   **RED LAW, LLP**                              SUPERIOR COURT OF CALIFORNIA
    100 Wilshire Blvd., Suite 950                      COUNTY OF LOS ANGELES
4   Santa Monica, CA 90401
    Tel: (310) 917-1070                                   APR 24 2012
5   Fax: (310) 917-1001
                                                John A. Clarke, Executive Officer/Clerk
6   Attorneys for Plaintiff Mara Chow and the   BY _____, Deputy
    Plaintiff Class                                     Regina Miuno
7

8

9            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11                                                      BC483871

12  MARA CHOW, individually and on behalf of all )  Case No.
    others similarly situated,                      )
13                                                  )  CLASS ACTION COMPLAINT
                       Plaintiff,                   )
14                                                  )  1.  FALSE AND MISLEADING
              vs.                                   )      ADVERTISING IN VIOLATION OF
15                                                  )      BUSINESS AND PROFESSIONS CODE
    NEUTROGENA CORP., a Delaware                    )      § 17200, *et seq.*
16  Corporation; and DOES 1 through 100,           )
    inclusive,                                      )  2.  FALSE AND MISLEADING
17                                                  )      ADVERTISING IN VIOLATION OF
                       Defendants.                  )      BUSINESS AND PROFESSIONS CODE
18                                                  )      § 17500, *et seq.*
                                                    )
19                                                  )  3.  VIOLATION OF CALIFORNIA CIVIL
                                                    )      CODE § 1750, *et seq.* (Consumers Legal
20                                                  )      Remedies Act)
                                                    )
21                                                  )  4.  BREACH OF EXPRESS WARRANTY
                                                    )
22  _____          )  DEMAND FOR JURY TRIAL

23

24         Plaintiff Mara Chow, individually and on behalf of all other similarly situated purchasers (the

25  "Class") of a series of purported "anti-aging" products, including Neutrogena Rapid Wrinkle Repair

26  SPF 30, Neutrogena Rapid Wrinkle Repair Night, Neutrogena Rapid Wrinkle Repair Serum,

27  Neutrogena Rapid Wrinkle Repair Eye, Neutrogena Healthy Skin Anti-Wrinkle Cream SPF 15, and

28  Neutrogena Healthy Skin Anti-Wrinkle Cream – Night (collectively referred to herein as the

1   "Products" or individually as a "Product"), brings this complaint against Neutrogena Corp., a

2   Delaware Corporation ("Neutrogena" or "Defendant"), and Does 1 through 100, inclusive

3   (sometimes collectively referred to herein as "Neutrogena" or "Defendants") and allege as follows:

4

5                                          I.

6                            **NATURE OF THE ACTION**

7        1.    In its labeling and advertising of the Products, Neutrogena claims that the Products

8   are "clinically proven" and can (1) cause a person to look younger, and (2) prevent and repair

9   wrinkles, fine lines, age spots, or other signs of aging within one week.  Neutrogena manufactures,

10  markets, sells, and distributes the Products to all consumers irrespective of age, skin type, skin

11  tone, or other dermatological specific factors.  Those consistent and uniform claims are false.  In

12  reality, the Products neither cause a person to look younger nor prevent or repair wrinkles, fine

13  lines, age spots, or other signs of aging within one week.

14       2.    Neutrogena claims the Products are comprised of a "unique combination" of Retinol

15  SA, Glucose Complex, and Hyaluronic Acid.  However, research regarding the efficacy of retinol-

16  based creams and lotions, like the Products, remains incomplete and inconclusive.  In fact, no

17  reliable and consistent scientific studies exist which "prove" the efficacy of Retinol SA, either

18  alone or in combination with Glucose Complex or Hyaluronic Acid, in preventing and repairing

19  wrinkles, fine lines, age spots, or other signs of aging within one week.

20       3.    On January 17, 2012, the National Advertising Division of the Better Business

21  Bureau ("NAD") reported the results of its examination into the validity of Neutrogena's Rapid

22  Wrinkle Repair claims as part of its ongoing monitoring program.  The NAD concluded that none

23  of the testing proffered by Neutrogena supported Neutrogena's claims that "Rapid Wrinkle Repair

24  substantially reduces or eliminates wrinkles in just one week."  The NAD then recommended that

25  Neutrogena modify its claim that the Products smooth wrinkles in just one week "to avoid

26  conveying the unsupported message that wrinkles are substantially reduced or eliminated in one

27  week."

28       ///

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

---

2

CLASS ACTION COMPLAINT

4.     Accordingly, this is a class action for restitution and injunctive relief against Neutrogena for false and misleading advertising in violation of Business & Professions Code Section 17200, *et seq.*, Business & Professions Code Section 17500, *et seq.*, and Civil Code Section 1750, *et seq.*

5.     By letter dated February 15, 2012, Plaintiff advised Neutrogena of its false and misleading claims pursuant to California Civil Code Section 1782(a).  However, Neutrogena never responded.

## II.

### JURISDICTION AND VENUE

6.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts.  Plaintiff has standing to bring this action pursuant to Business & Professions Code § 17200, *et seq.*

7.     Venue is proper in this Court because Plaintiff resides in Los Angeles County and purchased the Products in Los Angeles County.  Neutrogena receives substantial compensation from sales in Los Angeles County, and Neutrogena made numerous misrepresentations which had a substantial effect in Los Angeles County, including, but not limited to, magazine, label, radio, television, point of purchase displays, and internet advertisements.

8.     Upon information and belief, said misrepresentations originated and/or emanated from the State of California.

9.     Neutrogena and other out-of-state participants can be brought before this Court pursuant to the provisions of Code of Civil Procedure § 395.5.

## III.

### PARTIES

10.     Plaintiff is, and at all times relevant hereto was, an individual residing in Los Angeles County, California.  Plaintiff purchased the Products in Los Angeles County.  In doing

3

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

so, Plaintiff relied upon advertising and other promotional material which were prepared and approved by Neutrogena and its agents and disseminated through national advertising media, containing the misrepresentations alleged herein and designed to encourage men and women seeking assistance in preventing and repairing wrinkles, fine lines, age spots, or other unsightly and/or embarrassing signs of aging to purchase the Products. Although Plaintiff used the Products as instructed, Plaintiff did not experience any of the advertised benefits, including "prevention" or "repair" of her wrinkles, fine lines, age spots, or other signs of aging whatsoever, let alone within one week, as a result of using the Products.

11. Neutrogena is a corporation organized under the laws of the State of Delaware and headquartered in Los Angeles, California. Neutrogena was established in 1930 to develop and commercialize cosmetic products. Neutrogena maintains its principal business office at 5760 W. 96th Street, Los Angeles, CA 90045. Neutrogena, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Neutrogena is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

12. The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 100 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 100 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 100 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

13. Plaintiff is informed and believes, and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the

4

CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1 | remaining defendants and was acting in such capacity in doing the things herein complained of

2 | and alleged.

3 |     14. In committing the wrongful acts alleged herein, Neutrogena planned and participated

4 | in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent

5 | representations to induce members of the public to purchase the Products. Neutrogena

6 | participated in the making of such representations in that each did disseminate or cause to be

7 | disseminated said misrepresentations.

8 |     15. Neutrogena, upon becoming involved with the manufacture, advertising, and sale of

9 | the Products, knew or should have known that the claims about the Products and, in particular, the

10 | claims suggesting and/or outright stating that the Products could, in any way, cause the advertised

11 | benefits, were false, deceptive and misleading. Neutrogena affirmatively misrepresented the

12 | "benefits" of the Products in order to convince the public and the Products' users to purchase and

13 | use the Products, resulting in profits of millions of dollars or more to Neutrogena, all to the

14 | damage and detriment of the consuming public. Thus, in addition to the wrongful conduct herein

15 | alleged as giving rise to primary liability, Neutrogena further aided and abetted and knowingly

16 | assisted each other in breach of their respective duties and obligations as herein alleged.

17 |

18 | **IV.**

19 | **CLASS ACTION ALLEGATIONS**

20 |     16. Plaintiff brings this action on their own behalf and on behalf of all other persons

21 | similarly situated. The Classes which Plaintiff seeks to represent are:

22 |     a. All persons residing in the United States who purchased the Products for personal

23 |         use and not for resale during the time period February 15, 2008, through the present.

24 |         Excluded from the Class are Neutrogena's officers, directors, and employees, and

25 |         any individual who received remuneration from Neutrogena in connection with that

26 |         individual's use or endorsement of the Products.

27 |     b. All persons residing in the State of California who purchased the Products for

28 |         personal use and not for resale during the time period February 15, 2008, through

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

5

the present.  Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

17.  The Class comprises many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because millions of units of the Products have been sold in the United States and State of California during the Class Period.

18.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.   Common questions of law and fact include, but are not limited to, the following:

a.  Whether Neutrogena possesses competent and reliable scientific evidence to support its label and advertising claims;

b.  Whether Neutrogena's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

c.  Whether Neutrogena's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

d.  Whether Neutrogena's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

e.  Whether Neutrogena made false and misleading representations in their advertising and packaging of the Products;

f.  Whether Neutrogena knew or should have known that the representations were false; and

g.  Whether Neutrogena represented that the Products have characteristics, benefits, uses, or quantities which the Products do not have.

///

///

19.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

20.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Neutrogena's false representations. Indeed, Plaintiff purchased the Products because of the claims by Neutrogena that the Products were "clinically proven" and capable of preventing and repairing wrinkles, fine lines, age spots, and other signs of aging within one week. Plaintiff relied on Neutrogena's representations and would not have purchased the Products if she had known that the advertising as described herein was false.

21.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

22.    The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Neutrogena's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

23.    Neutrogena has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Neutrogena.

24.    Absent a class action, Neutrogena will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Neutrogena will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

///

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

## V.

## FACTUAL BACKGROUND

25.  It is well known that how a person ages is controlled by his or her genes.  Intrinsic aging, also known as the natural aging process, is the key cause of wrinkle, fine lines, and other signs of aging.  Intrinsic aging begins in the mid-20's and involves slowing in the production of collagen and elastin.  Dead cells do not shed as quickly and turnover of new skin cells decreases.

26.  Retinol is among the most common ingredients in creams and lotions that claim to cause a person to look younger.  Research regarding the efficacy of such creams and lotions, however, remains incomplete and inconclusive.  In fact, no reliable and consistent scientific studies "prove" the efficacy of retinol in preventing and repairing wrinkles, fine lines, age spots, or other signs of aging within one week.

27.  Even if there existed well-settled, scientific substantiation that retinol-based topical applications like the Products can make a person look younger or prevent and repair wrinkles, fine lines, age spots, or other signs of aging within one week (there is not), the dosage of retinol in the Products is so negligible as to make it impossible to cause the advertised effect.

28.  Despite this, Defendant markets and advertises the Products in a false and deceptive manner.  Defendant does so through a uniform and consistent message that the Products can effectuate an impossible result, thereby tempting a vulnerable class of people with the hope of a quick fix or a way to avoid the embarrassing exterior effects of intrinsic aging.  Defendant has disseminated this uniform message on the product labels and packaging, as well as through a broad range of media, including, by way of example and without limitation, print media, web site, point-of-purchase displays, and the like.

29.  Defendants' advertising, including print, packaging, television and radio advertising, conveys a single, consistent false and misleading message to consumers: that the Products are "clinically proven" and can prevent and repair wrinkles, fine lines, age spots, or other signs of aging within one week.

30.  The false and misleading representations concerning the advertising, marketing, and packaging of Neutrogena Rapid Wrinkle Repair SPF 30 include the following:

8

CLASS ACTION COMPLAINT

    a.  "Rapid Wrinkle Repair;"

    b.  "clinically proven;"

    c.  "visibly fade the look of stubborn wrinkles – including crow's feet, forehead & cheek wrinkles;"

    d.  "helps to smooth wrinkles fast and diminish the look of age spots;"

    e.  "renews the look of skin throughout the day;" and

    f.  "Skin is left feeling smooth and looking younger."

31.  The false and misleading representations concerning the advertising, marketing, and packaging of Neutrogena Rapid Wrinkle Repair Night include the following:

    a.  "Rapid Wrinkle Repair;"

    b.  "clinically proven;"

    c.  "visible results in just one week;"

    d.  "Visible fade the look of stubborn wrinkles with our fastest Retinol formula available!  So effective, 100% of women tested had noticeable results in just one week;"

    e.  "helps to smooth wrinkles fast and diminish the look of age spots;"

    f.  "renews the look of skin throughout the day;" and

    g.  "Skin is left feeling smooth and looking younger."

32.  The false and misleading representations concerning the advertising, marketing, and packaging of Neutrogena Rapid Wrinkle Repair Serum include the following:

    a.  "Rapid Wrinkle Repair;"

    b.  "clinically proven;"

    c.  "visible results in just one week;"

    d.  "instantly smoothes skin and delivers visible results in just one week!;"

    e.  "renews the look of skin throughout the day;"

    f.  "smooth wrinkles fast and diminish the look of age spots;" and

    g.  "Skin is left feeling smooth and looking younger."

33.  The false and misleading representations concerning the advertising, marketing, and

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

packaging of Neutrogena Rapid Wrinkle Repair Eye include the following:

    a. "Rapid Wrinkle Repair;"

    b. "clinically proven;"

    c. "visible results in just one week;"

    d. "targets fine lines and crow's feet;"

    e. "renews the look of skin throughout the day;"

    f. "fade the look of stubborn crow's feet;"

    g. "Brighten and even under eye area;"

    h. "Smooth fine lines and texture;"

    i. "Reduce the look of dark circles."

    34. The false and misleading representations concerning the advertising, marketing, and packaging of Neutrogena Healthy Skin Anti-Wrinkle Cream SPF 15 include the following:

    a. "Anti-Wrinkle Cream;"

    b. "clinically proven;"

    c. "Visibly reduces appearance of fine lines, wrinkles[,] and age spots;"

    d. "It's clinically proven to both treat and help prevent fine lines, wrinkles[,] and other signs of aging;"

    e. "even out skin tone;" and

    f. "Fine lines, wrinkles[,] and other signs of aging are visibly reduced."

    35. The false and misleading representations concerning the advertising, marketing, and packaging of Neutrogena Healthy Skin Anti-Wrinkle Cream – Night include the following:

    a. "Anti-Wrinkle Cream;"

    b. "clinically proven;"

    c. "Visibly reduces appearance of fine lines, wrinkles[,] and age spots;" and

    d. "Softens and smoothes skin."

    36. These claims (as well as others) about the Products are false and misleading. Neutrogena cannot substantiate any of the claims about the Products, nor does it have a reasonable scientific basis to make such assertions, and its claims of preventing and repairing

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

10

1   wrinkles, fine lines, age spots, or other signs of aging within one week are false and misleading.

2   37. During the course of this deception, Neutrogena has sold millions of units of the

3   Products based upon the false promises and misleading advertisements targeted at self-conscious

4   men and women.

5   38. Plaintiff and the Class have suffered injury in fact and have lost money as a result of

6   Neutrogena's false representations. Indeed, Plaintiff purchased the Products because of the

7   claims by Neutrogena that the Products were "clinically proven" and capable of preventing and

8   repairing wrinkles, fine lines, age spots, and other signs of aging within one week. Plaintiff

9   would not have purchased the Products if she had known that the advertising as described herein

10  was false.

11  39. Neutrogena's false and misleading statements should be enjoined in due to the lack

12  of scientific and other evidence that supports Neutrogena's outrageous claims of being able to

13  prevent and repair wrinkles, fine lines, age spots, or other signs of aging within one week. In

14  addition, Neutrogena should be compelled to provide restitution and damages to those innocent

15  consumers that Neutrogena duped into spending money on a product which, quite simply, is

16  incapable of effectuating the advertised benefits.

17  40. Neutrogena is aware that, unless information is placed on the front of its packaging,

18  the vast majority of consumers do not "discover" that information in a timeframe sufficient to

19  make an "informed choice" about purchasing the Products.

20  41. Through its false and deceptive claims, Neutrogena has been successful in duping

21  consumers into purchasing the Products and, in the process, making millions of dollars for

22  Neutrogena.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

11

CLASS ACTION COMPLAINT

19

**VI.**

**FIRST CAUSE OF ACTION**

**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &**

**PROFESSIONS CODE § 17200, et seq.**

**(By Plaintiff against all Defendants)**

42.    Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

43.    This cause of action is brought pursuant to <u>Business and Professions Code</u> § 17200, et seq., on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use and not for resale during the time period February 15, 2008 through the present.  Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

44.    In the alternative, this cause of action is brought pursuant to <u>Business and Professions Code</u> § 17200, et seq., on behalf of a Class consisting of all persons who purchased the Products in the State of California for personal use and not for resale during the time period February 15, 2008 through the present.  Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

45.    In the advertising of the Products, Neutrogena makes false and misleading statements regarding the benefits and the efficacy of the Products, particularly as the same applies to the purported ability to prevent and repair wrinkles, fine lines. age spots, or other signs of aging within one week.

46.    Neutrogena does not have the requisite competent and reliable scientific evidence to support the claims about the Products made in Neutrogena's advertising, nor does Neutrogena have a reasonable basis to make the assertions it makes.

47.    Neutrogena is aware that the claims that it makes about the Products are false, misleading, unsubstantiated, and unreasonable.

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

12

48.  As alleged in the preceding paragraphs, the misrepresentations by Neutrogena of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

49.  In addition, Neutrogena's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

50.  There were reasonably available alternatives to further Neutrogena's legitimate business interests, other than the conduct described herein.

51.  All of the conduct alleged herein occurs and continues to occur in Neutrogena's business.  Neutrogena's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

52.  Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Neutrogena from continuing to engage, use, or employ their practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Neutrogena to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Neutrogena by means of responsibility attached to Neutrogena's failure to disclose the existence and significance of said misrepresentations.

53.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Neutrogena's false representations.  Indeed, Plaintiff purchased the Products because of the claims by Neutrogena that the Products were "clinically proven" and capable of preventing and repairing wrinkles, fine lines, age spots, and other signs of aging within one week.  Plaintiff would not have purchased the Products if she had known that the claims and advertising as described herein were false.

///

Red Law, LLP
100 Wilshire Blvd. Suite 950
Santa Monica, CA 90401

13

## VII.

### SECOND CAUSE OF ACTION

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff against all Defendants)**

54. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

55. This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who purchased the Products in the State of California for personal use and not for resale during the time period February 15, 2008 through the present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

56. In the alternative, this cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use and not for resale during the time period February 15, 2008 through the present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

57. In their advertising of the Products, Neutrogena makes false and misleading statements regarding the benefits and the efficacy of the Products, particularly as the same applies to the prevention and repair of wrinkles, fine lines, age spots, or other signs of aging within one week, all as set forth above.

58. Neutrogena does not have any competent and reliable scientific evidence to support the claims about the Products made in Neutrogena's advertising, nor do they have a reasonable basis to make such claims.

59. Neutrogena is aware that the claims that they make about the Products are false, misleading, unsubstantiated, and unreasonable.

14

CLASS ACTION COMPLAINT



60. As alleged in the preceding paragraphs, the misrepresentations by Neutrogena of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

61. In addition, Neutrogena's use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise that are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

62. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Neutrogena from continuing to engage, use, or employ their practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Neutrogena to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Neutrogena by means of responsibility attached to Neutrogena's failure to disclose the existence and significance of said misrepresentations.

63. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Neutrogena's false representations. Indeed, Plaintiff purchased the Products because of the claims by Neutrogena that the Products were "clinically proven" and capable of preventing and repairing wrinkles, fine lines, age spots, or other signs of aging within one week. Plaintiff would not have purchased the Products if she had known that the advertising as described herein was false.

## VIII.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*

### (By Plaintiff against all Defendants)

64. Plaintiff repeats and realleges the all allegations of the previous paragraphs, and

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1   incorporates the same as if set forth herein at length.

2       65.   This cause of action is brought pursuant to <u>Civil Code</u> § 1750, *et seq.*, the

3   Consumers Legal Remedies Act ("CLRA"), on behalf of a Class consisting of all persons who

4   purchased the Products in the United States for personal use and not for resale during the time

5   period February 15, 2008, through the present.  Excluded from the Class are Neutrogena's

6   officers, directors, and employees, and any individual who received remuneration from

7   Neutrogena in connection with that individual's use or endorsement of the Products.

8       66.   In the alternative, this cause of action is brought pursuant to the CLRA on behalf of

9   a Class consisting of all persons who purchased the Products in the State of California for

10   personal use and not for resale during the time period February 15, 2008, through the present.

11   Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual

12   who received remuneration from Neutrogena in connection with that individual's use or

13   endorsement of the Products.

14       67.   The Class consists of thousands of persons, the joinder of whom is impracticable.

15       68.   There are questions of law and fact common to the class, which questions are

16   substantially similar and predominate over questions affecting the individual members, including

17   but not limited to: (a) Whether Neutrogena represented that the Products have characteristics,

18   benefits, uses or quantities which they do not have; (b) Whether the existence, extent and

19   significance of the major misrepresentations regarding the purported benefits, characteristics and

20   efficacy of the Products violate the Act; and (c) Whether Neutrogena knew of the existence of

21   these misrepresentations.

22       69.   The policies, acts, and practices heretofore described were intended to result in the

23   sale of the Products to the consuming public, particularly men and women with unsightly and

24   embarrassing skin conditions, and violated and continue to violate § 1770(a)(5) of the CLRA by

25   representing that the Products have characteristics, benefits, uses, or quantities which they do not

26   have.

27       70.   Neutrogena fraudulently deceived Plaintiff and the Class by representing that the

28   Products have certain characteristics, benefits, uses, and quantities which they do not have (i.e.,

*Red Law, LLP*
*100 Wilshire Blvd., Suite 950*
*Santa Monica, CA 90401*

16

1    the Products can prevent or repair wrinkles, fine lines, age spots, or other signs of aging within

2    one week).  In doing so, Neutrogena intentionally misrepresented and concealed material facts

3    from Plaintiff and the Class, specifically, that the Products cannot prevent or repair wrinkles, fine

4    lines, age spots, or other signs of aging within one week.   Said misrepresentations and

5    concealment were done with the intention of deceiving Plaintiff and the Class and depriving them

6    of their legal rights and money.

7        71.  Neutrogena knew that the Products are not "clinically proven" and do not cause

8    and/or assist consumers with preventing or repairing wrinkles, fine lines, age spots, or other signs

9    of aging within one week as represented in Neutrogena's advertisements and on Neutrogena's

10   packaging.

11       72.  Neutrogena's actions as described hereinabove were done with conscious disregard

12   of Plaintiff's rights and Neutrogena was wanton and malicious in its concealment of the same.

13       73.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of

14   Neutrogena's false representations.

15

16                                          **IX.**

17                              **FOURTH CAUSE OF ACTION**

18                             **BREACH OF EXPRESS WARRANTY**

19                            **(By Plaintiff against all Defendants)**

20       74.  Plaintiff repeats and realleges the all allegations of the previous paragraphs, and

21   incorporates the same as if set forth herein at length.

22       75.  Neutrogena expressly warranted on each and every box of the Products that said

23   Products are "clinically proven" to prevent and repair wrinkles, fine lines, age spots, or other

24   signs of aging within one week, all as set forth above.  Neutrogena's claims constitute an

25   affirmation of fact that became part of the basis of the bargain and created an express warranty

26   that the goods would conform to the stated promise.  Plaintiff placed importance on Neutrogena's

27   claims.

28       76.  All conditions precedent to Neutrogena's liability under this contract have been

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

17

25

1   performed by Plaintiff and the Class.

2       77.   Neutrogena breached the terms of this contract, including the express warranties,

3   with Plaintiff and the Class by not providing Products that can perform as advertised.

4       78.   As a result of Neutrogena's breach of its contract, Plaintiff and the Class have been

5   damaged in the amount of the price of the Products they purchased.

6

7                       X.

8             **PRAYER FOR RELIEF**

9       WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the Class

10   defined herein, prays for judgment and relief on all Causes of Action as follows:

11     A.     An order certifying that the action may be maintained as a Class Action;

12     B.     An order enjoining Neutrogena from pursuing the policies, acts, and practices

13             complained of herein and requiring Neutrogena to pay restitution to Plaintiff and all

14             members of the Class;

15     C.     Actual damages;

16     D.     Punitive damages;

17     E.     For pre-judgment interest from the date of filing this suit;

18     F.     Reasonable attorney fees;

19     G.     Costs of this suit; and

20     H.     Such other and further relief as the Court may deem necessary or appropriate.

21

22

23   DATED: April 24, 2012             **RED LAW, LLP**

24

25

26

27                       Ryan J. Clarkson

28                       Edward D. Dubendorf
                            Attorneys for Plaintiff and the Proposed
                            Plaintiff Class

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

CLASS ACTION COMPLAINT

00/00/2012  13:17:27 FAX 2132499990       NATIONWIDE LEGAL EXPRESS

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: April 24, 2012                                   RED LAW, LLP


_____

Ryan J. Clarkson
Edward D. Dubendorf
Attorneys for Plaintiff and the Proposed
Plaintiff Class

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

19
CLASS ACTION COMPLAINT

COPY

1   Ryan J. Clarkson, State Bar No. 257074
    rclarkson@redlawllp.com
2   Edward D. Dubendorf, State Bar No. 275456
    edubendorf@redlawllp.com
3   **RED LAW, LLP**
    100 Wilshire Blvd., Suite 950
4   Santa Monica, CA 90401
    Tel: (310) 917-1070
5   Fax: (310) 917-1001
6   Attorneys for Plaintiff Mara Chow and the
    Plaintiff Class
7

8

9                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                       COUNTY OF LOS ANGELES

11                                              **BC483371**

12  MARA CHOW, individually and on behalf of all  )  Case No.
    others similarly situated,                    )
13                                                )  CLASS ACTION
                    Plaintiff,                     )
14                                                )  DECLARATION OF RYAN J. CLARKSON
           vs.                                     )  RE VENUE PURSUANT TO CAL. CIV.
15                                                )  CODE § 1780(d)
    NEUTROGENA CORP., a Delaware                   )
16  Corporation; and DOES 1 through 100,          )
    inclusive,                                     )
17                                                )
                    Defendants.                    )
18                                                )
                                                  )
19                                                )
                                                  )
20                                                )
                                                  )
21                                                )

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 24 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Eugenia Juliano

─────────────────────────────────────────
                 1
        DECLARATION OF RYAN J. CLARKSON RE VENUE



1    I, Ryan J. Clarkson, do hereby declare as follows:

2    1.    I am a partner at Red Law, LLP, counsel of record for Plaintiff Mara Chow and the

3 putative Plaintiff Class, and am licensed to practice in all courts within the State of California. I have

4 personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would

5 competently testify to them.

6    2.    This Court is proper for trial of this action because Defendants are doing business in

7 Los Angeles County, California and the transaction at issue and the subject matter of the above-

8 captioned action occurred in Los Angeles County.

9    I declare and state under penalty of perjury that the foregoing is true and correct. Executed

10 on April 24, 2012 at Santa Monica, California.

**RED LAW, LLP**

Ryan J. Clarkson, Esq.
Attorneys for Plaintiff and the
Plaintiff Class

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

29

00/00/2012   13:17:27 FAX 2132499990          NATIONWIDE LEGAL EXPRESS                                    29

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

  **Cases for Which Arbitration May Be Appropriate**
  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

  **Cases for Which Arbitration May Not Be Appropriate**
  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

  **Cases for Which Mediation May Be Appropriate**
  Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

  **Cases for Which Mediation May Not Be Appropriate**
  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

  **Cases for Which Neutral Evaluation May Be Appropriate**
  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

  **Cases for Which Neutral Evaluation May Not Be Appropriate**
  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| | | |
|---|---|---|
| LAADR 005 (Rev. 01-12)<br>LASC Adopted 10-03<br>For Mandatory Use | **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION** | Cal. Rules of Court, rule 3.221<br>Page 1 of 2 |



00/00/2012  13:17:27 FAX 2132499990        NATIONWIDE LEGAL EXPRESS                    30

## COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| **Random Select Panel** | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7328 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

31



00/00/2012  13:17:27 FAX 2132499990      NATIONWIDE LEGAL EXPRESS      31

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>Ryan J. Clarkson (SBN 257074) and Edward D. Dubendorf (SBN 275456) <br>Red Law, LLP <br>100 Wilshire Blvd., Suite 950 <br>Santa Monica, California 90401 <br>TELEPHONE NO.: (310) 917-1070    FAX NO. (Optional): (310) 917-1001 <br>E-MAIL ADDRESS (Optional): rclarkson@redlawllp.com; edubendorf@redlawllp.com <br>ATTORNEY FOR (Name): Mara Chow | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER: Mara Chow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Neutrogena Corp. | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum
3. a. Party served *(specify name of party as shown on documents served):*
      Neutrogena Corp.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System

4. Address where the party was served:
   818 W. Seventh St., Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*      (2) at *(time):*
   b. ☐ by substituted service. On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

32

00/00/2012  13:17:27 FAX 2132499990     NATIONWIDE LEGAL EXPRESS                        32

| PLAINTIFF/PETITIONER: Mara Chow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Neutrogena Corp. | |

5.  c.  ☐  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                (2)  from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  by other means *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify)*:
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify)*:  Neutrogena Corp.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:
  b.  Address:
  c.  Telephone number:
  d.  The fee for service was: $
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☐  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

▶

_____       _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                        (SIGNATURE )

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

*33*

00/00/2012  13:17:27 FAX 2132499990          NATIONWIDE LEGAL EXPRESS

 COPY

| SHORT TITLE: Chow v. Neutrogena Corp., et al. | CASE NUMBER: **BC483371** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 21   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.



| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | ①②③ |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4


34

00/00/2012  13:17:27 FAX 2132499990      NATIONWIDE LEGAL EXPRESS

| SHORT TITLE. | CASE NUMBER |
|---|---|
| Chow v. Neutrogena Corp., et al. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



00/00/2012 13:17:27 FAX 2132499990     NATIONWIDE LEGAL EXPRESS     5

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Chow v. Neutrogena Corp., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependant Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |



00/00/2012  13:17:27 FAX 2132499990        NATIONWIDE LEGAL EXPRESS                    6

| SHORT TITLE: Chow v. Neutrogena Corp., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 1128 Ocean Park Blvd. #107 |
|---|---|---|
| ☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY: Santa Monica | STATE: CA  ZIP CODE: 90405 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>April 24, 2012</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

37

00/00/2012 13:17:27 FAX 2132499990     NATIONWIDE LEGAL EXPRESS    1



**COPY**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Ryan J. Clarkson (SBN 257074) and Edward D. Dubendorf (SBN 275456)<br>Red Law, LLP<br>100 Wilshire Blvd., Suite 950<br>TELEPHONE NO.: 310-917-1070      FAX NO.: 310-917-1001<br>ATTORNEY FOR *(Name):* Mara Chow | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Chow v. Neutrogena Corp., et al.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 24 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Dayene Tolliano

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | BC483371 |
| | | | JUDGE: |
| | | | DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 1800–1812) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [✓] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [✓] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve         in other counties, states or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):* (1) UCL; (2) FAL; (3) CLRA; (4) Express Warranty
5. This case [✓] is [ ] is not a class action suit.

Date: April 24, 2012

Ryan J. Clarkson _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

                                  Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

BY FAX



00/00/2012  13:17:27 FAX 2132499990      NATIONWIDE LEGAL EXPRESS                    2



# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Toxic Tort/Environmental (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Tax
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

29

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

41

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-

   (INSERT DATE)                                    (INSERT DATE)

   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____         ➤ _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

LACIV 229 (new)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

**STIPULATION – DISCOVERY RESOLUTION**

45

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference
2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

46

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____              _____
                                                        JUDICIAL OFFICER

48

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ BC 483371

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon Michael P. Linfield | 10 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Fredrick C. Shaller | 46 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| | 39 | 415 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | **Hon. Elihu M. Berle\*** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | | other | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

49

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Disputes Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 06-09



# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**  The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev. 12-09)
LASC Approved 05-09

Page 2 of 2



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,
but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)                **INFORMATION ABOUT**
LASC Approved 07-04               **ALTERNATIVE DISPUTE RESOLUTION**



| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

**ATTORNEY FOR (Name):**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Click on the button to select the appropriate court address.

**PLAINTIFF:**

**DEFENDANT:**

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2


54

| Short Title | Case Number |
|---|---|
|  |  |

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

Name of Stipulating Party _____
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation _____

Signature of Party or Attorney _____

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2



EXHIBIT B

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Matthew D. Powers (SB# 212682)<br>O'Melveny & Myers LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>TELEPHONE NO.: (415) 984-8700    FAX NO. *(Optional):* (415) 984-8701<br>E MAIL ADDRESS *(Optional):* mpowers@omm.com<br>ATTORNEY FOR *(Name):* Defendant, Neutrogena Corporation | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 0 8 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>By L. Plazola, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 S. Commonwealth Ave.,
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90005
BRANCH NAME: Central Civil West

| | |
|---|---|
| PLAINTIFF/PETITIONER: Mara Chow | CASE NUMBER:<br>BC483371 |
| DEFENDANT/RESPONDENT: Neutrogena Corporation | JUDICIAL OFFICER:<br>Hon. Elihu Berle |
| **NOTICE OF RELATED CASE** | DEPT.:<br>323 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Johns v. Neutrogena Corporation
    b.  Case number: BC481382
    c.  Court: [✓] same as above
        [ ] other state or federal court *(name and address):*
    d.  Department: 307
    e.  Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
    f.  Filing date: March 22, 2012
    g.  Has this case been designated or determined as "complex?" [✓] Yes [ ] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        [ ] involves the same parties and is based on the same or similar claims.
        [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] involves claims against, title to, possession of, or damages to the same property.
        [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [ ] Additional explanation is attached in attachment 1h
    i.  Status of case:
        [✓] pending
        [ ] dismissed [ ] with [ ] without prejudice
        [ ] disposed of by judgment

2.  a.  Title:
    b.  Case number:
    c.  Court: [ ] same as above
        [ ] other state or federal court *(name and address):*
    d.  Department:

CM-015

| PLAINTIFF/PETITIONER: Mara Chow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Neutrogena Corporation | BC483371 |

2. *(continued)*

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply)*:

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.   a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address)*:

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply)*:

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: May 8, 2012

Matthew D. Powers                       ▶ *(signature)*

    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)            (SIGNATURE OF PARTY OR ATTORNEY)



CM-01

| PLAINTIFF/PETITIONER: Mara Chow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Neutrogena Corporation | BC483371 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1   I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

O'Melveny & Myers LLP, 400 S. Hope Street, Los Angeles, CA 90071

2.   I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

a. ☐ deposited the sealed envelope with the United States Postal Service.

b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.   The *Notice of Related Case* was mailed:

a.   on *(date):* May 8, 2012

b.   from *(city and state):* Los Angeles, CA

4.   The envelope was addressed and mailed as follows:

a.  Name of person served:
    Ryan J. Clark (Red Law, LLP)
    Street address: 100 Wilshire Blvd, Suite 950
    City: Santa Monica
    State and zip code: CA 90401

c.  Name of person served:

    Street address:
    City:
    State and zip code:

b.  Name of person served:

    Street address:
    City:
    State and zip code:

d.  Name of person served:

    Street address:
    City:
    State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 8, 2012

Marie Lewis
   (TYPE OR PRINT NAME OF DECLARANT)

▶ _(signature)_
   (SIGNATURE OF DECLARANT)

**NOTICE OF RELATED CASE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV12- 4624 RGK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Mara Chow, individually and on behalf of all others similarly situated

**DEFENDANTS**
Neutrogena Corporation, a Delaware Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ryan J. Clarkson and Edward D. Dubendorf, Red Law LLP, 100 Wilshire Blvd., Suite 950, Santa Monica, CA 90401, Tel: (310) 917-1070

Attorneys (If Known)
Matthew Powers, O'Melveny & Myers, Two Embarcadero Center, San Francisco, CA 94111, Tel (415) 984-8700; Richard Goetz & Jaclyn Blankenship, O'Melveny & Myers, 400 South Hope St., Los Angeles, CA 90071

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** not pled, but will be > $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action alleging, inter alia, violation of Cal. Bus. & Prof. Code 17200 et seq. Minimal Diversity pursuant to 28 USC 1332(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-4624

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ✓ No  ☐ Yes
If yes, list case number(s):

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ✓ Yes
If yes, list case number(s): _CV12 - 01452  R(JCx)_

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ✓ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ ✓ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Principal place of business: Los Angeles | Incorporation:  Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (for named Plaintiff) and throughout California and the United States for putative class members. | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   _Jaclyn A Blankship_   Date May 25, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |