1 | Ryan J. Clarkson, State Bar No. 257074
rclarkson@redlawllp.com
2 | Edward D. Dubendorf, State Bar No. 275456
edubendorf@redlawllp.com
3 | RED LAW, LLP
100 Wilshire Blvd., Suite 950
4 | Santa Monica, CA 90401
Tel: (310) 917-1070
5 | Fax: (310) 917-1001

6 | Attorneys for Plaintiff Mara Chow and the
Plaintiff Class
7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **WESTERN DIVISION**

12

13

14 | MARA CHOW, individually and on behalf of all )   Case No. C 12-04624-R (JCx)
others similarly situated,   )
15 |   )   Judge: Hon. Manuel L. Real
Plaintiff,   )
16 |   )   **FIRST AMENDED CLASS ACTION**
vs.   )   **COMPLAINT**
17 |   )
NEUTROGENA CORP., a Delaware   )   1.   FALSE AND MISLEADING
18 | Corporation; and DOES 1 through 100,   )   ADVERTISING IN VIOLATION OF
inclusive.   )   BUSINESS AND PROFESSIONS CODE
19 |   )   § 17200, et seq.
Defendants.   )
20 |   )   2.   FALSE AND MISLEADING
  )   ADVERTISING IN VIOLATION OF
21 |   )   BUSINESS AND PROFESSIONS CODE
  )   § 17500, et seq.
22 |   )
  )   3.   VIOLATION OF CALIFORNIA CIVIL
23 |   )   CODE § 1750, et seq. (Consumers Legal
  )   Remedies Act)
24 |   )
  )   4.   BREACH OF EXPRESS WARRANTY
25 |   )
  )   DEMAND FOR JURY TRIAL

26

27 | Plaintiff Mara Chow, individually and on behalf of all other similarly situated purchasers (the

28 | "Class") of six (6) purported "anti-aging" products, including Neutrogena Rapid Wrinkle Repair

1

FIRST AMENDED CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1    SPF 30, Neutrogena Rapid Wrinkle Repair Night, Neutrogena Rapid Wrinkle Repair Serum,

2    Neutrogena Rapid Wrinkle Repair Eye (the "Rapid Wrinkle Repair Products"), Neutrogena Healthy

3    Skin Anti-Wrinkle Cream SPF 15, and Neutrogena Healthy Skin Anti-Wrinkle Cream – Night (the

4    "Healthy Skin Anti-Wrinkle Products") (all six (6) products are collectively referred to herein as the

5    "Products" or individually as a "Product"), brings this Complaint against Neutrogena Corp., a

6    Delaware Corporation ("Neutrogena" or "Defendant"), and Does 1 through 100, inclusive

7    (sometimes collectively referred to herein as "Neutrogena" or "Defendants") and alleges as follows:

8

9                                                    I.

10                                    **NATURE OF THE ACTION**

11        1.        In its labeling and advertising of the Products, Neutrogena claims that the Products

12   are "clinically proven" and can (1) cause a person to look younger, and (2) prevent and repair

13   wrinkles, fine lines, age spots, or other signs of aging within one week, among other representations.

14   Neutrogena manufactures, markets, sells, and distributes the Products to all consumers irrespective

15   of age, skin type, skin tone, or other dermatological specific factors.

16        2.        Those consistent and uniform claims are false.

17        3.        In reality, the Products neither cause a person to look younger nor prevent or repair

18   wrinkles, fine lines, age spots, or other signs of aging, let alone within one week.

19        4.        Neutrogena claims the Products are comprised of a "unique combination" of Retinol

20   SA, Glucose Complex, and Hyaluronic Acid.

21        5.        However, Retinol SA, Glucose Complex, and Hyaluronic Acid, either alone or in

22   combination with each other or with other ingredients, cannot cause the advertised benefits.

23        6.        In fact, research regarding the efficacy of retinol-based creams and lotions, like the

24   Products, remains incomplete and inconclusive.

25        7.        No reliable and consistent scientific studies exist which "prove" the efficacy of

26   Retinol SA, either alone or in combination with Glucose Complex or Hyaluronic Acid or other

27   ingredients, in preventing and repairing wrinkles, fine lines, age spots, or other signs of aging within

28   one week.

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

2

FIRST AMENDED CLASS ACTION COMPLAINT

1    8.    On January 17, 2012, the National Advertising Division of the Better Business

2    Bureau ("NAD") reported the results of its examination into the validity of claims regarding

3    Neutrogena's Rapid Wrinkle Repair Products as part of its ongoing monitoring program.

4    9.    The NAD concluded that none of the testing proffered by Neutrogena supported

5    Neutrogena's claims that "Rapid Wrinkle Repair substantially reduces or eliminates wrinkles in just

6    one week."

7    10.   The NAD then recommended that Neutrogena modify its claim that the Rapid

8    Wrinkle Repair Products smooth wrinkles in just one week "to avoid conveying the unsupported

9    message that wrinkles are substantially reduced or eliminated in one week."

10   11.   Like the Rapid Wrinkle Repair Products investigated by the NAD, Neutrogena

11   similarly falsely advertises its Healthy Skin Anti-Wrinkle Products, as discussed more fully herein.

12   12.   Accordingly, this is a class action for restitution and injunctive relief against

13   Neutrogena for false and misleading advertising in violation of <u>Business & Professions Code</u> Section

14   17200, *et seq*., known as the Unfair Competition Law ("UCL"), <u>Business & Professions Code</u>

15   Section 17500, *et seq*., known as the False Advertising Law ("FAL"), <u>Civil Code</u> Section 1750, *et*

16   *seq*., known as the Consumers Legal Remedies Act ("CLRA"), as well as breach of express

17   warranty.

18   13.   By letter dated February 15, 2012, Plaintiff notified Neutrogena of its false and

19   misleading claims pursuant to California <u>Civil Code</u> Section 1782(a). However, Neutrogena never

20   responded.

21

22                                          **II.**

23                          **JURISDICTION AND VENUE**

24   14.   On April 24, 2012, Plaintiff filed her class action complaint in the State Court of

25   California for the County of Los Angeles.

26   15.   On May 25, 2012, Neutrogena removed the matter to Federal District Court pursuant

27   to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

28   ///

*Left margin (vertical):* Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

3
FIRST AMENDED CLASS ACTION COMPLAINT

1    16.    Plaintiff has standing to bring this action pursuant to the UCL, FAL, CLRA, and

2  Article III of the U.S. Constitution.

3    17.    Venue is proper in this Court because Plaintiff resides in Los Angeles County and

4  purchased the Products in Los Angeles County.

5    18.    Neutrogena receives substantial compensation from sales in Los Angeles County,

6  and Neutrogena made numerous misrepresentations which had a substantial effect in Los Angeles

7  County, including, but not limited to, packaging and label, print, television, point-of-purchase

8  displays, and internet advertisements.

9    19.    Upon information and belief, said misrepresentations originated and/or emanated

10  from the State of California.

11

12                                          **III.**

13                                       **PARTIES**

14    20.    Plaintiff is, and at all times relevant hereto was, an individual residing in Los

15  Angeles County, California.

16    21.    Plaintiff purchased each of the two (2) Healthy Skin Anti-Wrinkle Products at a drug

17  store located in and around the City of Santa Monica, County of Los Angeles, in early 2011, for

18  approximately fifteen dollars ($15.00) each.

19    22.    Plaintiff purchased each of the four (4) Rapid Wrinkle Repair Products at a drug

20  store located in and around the City of Santa Monica, County of Los Angeles, in late 2011, for

21  approximately twenty-five dollars ($25.00) each.

22    23.    Prior to her purchase of each of the Products, Plaintiff read, reviewed, and relied

23  upon Defendant's claims and statements contained in its advertising and other promotional

24  materials for the Products, as more thoroughly described in paragraphs 74(a)-(f), 75(a)-(f), 76(a)-

25  (g), 77(a)-(i), 78(a)-(f), and 79(a)-(d), *infra*.

26    24.    Said advertising and other promotional materials were prepared and approved by

27  Neutrogena and its agents, disseminated through national advertising media, and designed to

28  encourage men and women seeking assistance in preventing and repairing wrinkles, fine lines, age

4

FIRST AMENDED CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1  spots, or other unsightly and/or embarrassing signs of aging (like Plaintiff) to purchase the
2  Products.

3      25.     Plaintiff used each of the Products as instructed, yet Plaintiff did not experience any
4  of the advertised benefits, including "prevention" or "repair" of her wrinkles, fine lines, age spots,
5  or other signs of aging whatsoever, let alone within one week, as a result of using the Products.

6      26.     Neutrogena is a corporation organized under the laws of the State of Delaware and
7  headquartered in Los Angeles, California.

8      27.     Neutrogena was established in 1930 to develop and commercialize cosmetic
9  products.

10      28.     Neutrogena maintains its principal business office at 5760 W. 96th Street, Los
11  Angeles, CA 90045.

12      29.     Neutrogena, directly and through its agents, has substantial contacts with and
13  receives substantial benefits and income from and through the State of California.

14      30.     Neutrogena is the owner, manufacturer, and distributor of the Products, and is the
15  company that created and/or authorized the false, misleading, and deceptive advertisements and/or
16  packaging and labeling for the Products, as more thoroughly described in paragraphs 74(a)-(f),
17  75(a)-(f), 76(a)-(g), 77(a)-(i), 78(a)-(f), and 79(a)-(d), *infra*.

18      31.     The true names and capacities, whether individual, corporate, associate, or otherwise
19  of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 100
20  inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by
21  fictitious names.

22      32.     Plaintiff will seek leave of this Court to amend the Complaint to show their true
23  names and capacities when the same have been ascertained.

24      33.     Plaintiff is informed and believes and based thereon alleges that DOES 1 through
25  100 were authorized to do and did business in Los Angeles County.

26      34.     Plaintiff is further informed and believes and based thereon alleges that DOES 1
27  through 100 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the
28  events, happenings, and damages hereinafter set forth below.

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1    35.     Plaintiff is informed and believes, and based thereon alleges that at all times relevant

2    herein each of these individuals and/or entities was the agent, servant, employee, subsidiary,

3    affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the

4    remaining defendants and was acting in such capacity in doing the things herein complained of and

5    alleged.

6    36.     In committing the wrongful acts alleged herein, Neutrogena planned and participated

7    in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent

8    representations to induce members of the public to purchase the Products.

9    37.     Neutrogena participated in the making of such representations in that each did

10   disseminate or cause to be disseminated said misrepresentations.

11   38.     Neutrogena, upon becoming involved with the manufacture, advertising, and sale of

12   the Products, knew or should have known that the claims about the Products and, in particular, the

13   claims suggesting and/or outright stating that the Products could, in any way, cause the advertised

14   benefits, were false, deceptive and misleading.

15   39.     Neutrogena affirmatively misrepresented the "benefits" of the Products in order to

16   convince the public and the Products' users to purchase and use the Products, resulting in profits of

17   millions of dollars or more to Neutrogena, all to the damage and detriment of the consuming public.

18   40.     Thus, in addition to the wrongful conduct herein alleged as giving rise to primary

19   liability, Neutrogena further aided and abetted and knowingly assisted each other in breach of their

20   respective duties and obligations as herein alleged.

21

22                                               **IV.**

23                          **CLASS ACTION ALLEGATIONS**

24   41.     Plaintiff brings this action on behalf of herself and all other persons similarly

25   situated. The Classes which Plaintiff seeks to represent are:

26          a.  All persons residing in the United States who purchased the Products for personal

27              use and not for resale during the time period February 15, 2008, through the present.

28              Excluded from the Class are Neutrogena's officers, directors, and employees, and

                                              6
                          FIRST AMENDED CLASS ACTION COMPLAINT

*Left margin:* Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1    any individual who received remuneration from Neutrogena in connection with that

2    individual's use or endorsement of the Products.

3    b. All persons residing in the State of California who purchased the Products for

4    personal use and not for resale during the time period February 15, 2008, through

5    the present.  Excluded from the Class are Neutrogena's officers, directors, and

6    employees, and any individual who received remuneration from Neutrogena in

7    connection with that individual's use or endorsement of the Products.

8    42.    The Class comprises many thousands of persons throughout the United States and

9    California, the joinder of whom is impracticable, and the disposition of their claims in a Class

10   Action will benefit the parties and the Court.

11   43.    The Class is sufficiently numerous because millions of units of the Products have

12   been sold in the United States and the State of California during the Class Period.

13   44.    There is a well-defined community of interest in the questions of law and fact

14   involved affecting the parties to be represented.

15   45.    The questions of law and fact common to the Class predominate over questions

16   which may affect individual Class members.

17   46.    Common questions of law and fact include, but are not limited to, the following:

18        a. Whether Neutrogena possesses competent and reliable scientific evidence to support

19           its label and advertising claims;

20        b. Whether Neutrogena's conduct is an unlawful business act or practice within the

21           meaning of Business and Professions Code section 17200, *et seq.*;

22        c. Whether Neutrogena's conduct is a fraudulent business act or practice within the

23           meaning of Business and Professions Code section 17200, *et seq.*;

24        d. Whether Neutrogena's advertising is untrue or misleading within the meaning of

25           Business and Professions Code section 17500, *et seq.*;

26        e. Whether Neutrogena made false and misleading representations in their advertising

27           and packaging of the Products;

28   ///

Rcd Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

7

FIRST AMENDED CLASS ACTION COMPLAINT

1         f.   Whether Neutrogena knew or should have known that the representations were false;

2             and

3         g.   Whether Neutrogena represented that the Products have characteristics, benefits, uses,

4             or quantities which the Products do not have.

5      47.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and

6 adequately represent and protect the interests of the Class.

7      48.   Plaintiff has retained competent and experienced counsel in class action and other

8 complex litigation.

9      49.   Plaintiff and the Class have suffered injury-in-fact and have lost money or property as

10 a result of Neutrogena's false representations.

11      50.   Indeed, Plaintiff purchased the Products because of the claims by Neutrogena that the

12 Products were "clinically proven" and capable of preventing and repairing wrinkles, fine lines, age

13 spots, and other signs of aging within one week.

14      51.   Plaintiff relied on Neutrogena's representations.

15      52.   Further, Plaintiff paid more for the Products than the Products were worth and would

16 not have purchased the Products if she had known that the advertising as described herein was false.

17      53.   A class action is superior to other available methods for fair and efficient adjudication

18 of this controversy.

19      54.   The expense and burden of individual litigation would make it impracticable or

20 impossible for Class members to prosecute their claims individually.

21      55.   The trial and litigation of Plaintiff's claims are manageable.

22      56.   Individual litigation of the legal and factual issues raised by Neutrogena's conduct

23 would increase delay and expense to all parties and the court system.

24      57.   The class action device presents far fewer management difficulties and provides the

25 benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a

26 single court.

27 ///

28 ///

8

FIRST AMENDED CLASS ACTION COMPLAINT

58.    Neutrogena has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.

59.    The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Neutrogena.

60.    Absent a class action, Neutrogena will likely retain the benefits of their wrongdoing.

61.    Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

62.    Further, absent a representative action, the Class members will continue to suffer losses and Neutrogena will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## V.

## FACTUAL BACKGROUND

63.    It is well known that how a person ages is controlled by his or her genes.

64.    Intrinsic aging, also known as the natural aging process, is the key cause of wrinkle, fine lines, and other signs of aging.

65.    Intrinsic aging begins in the mid-20's and involves slowing in the production of collagen and elastin. Dead cells do not shed as quickly and turnover of new skin cells decreases.

66.    Retinol is among the most common ingredients in creams and lotions that claim to cause a person to look younger.

67.    Research regarding the efficacy of such creams and lotions, however, remains incomplete and inconclusive.

68.    In fact, no reliable and consistent scientific studies "prove" the efficacy of retinol in preventing and repairing wrinkles, fine lines, age spots, or other signs of aging, let alone within one week.

69.    Even if there existed well-settled, scientific substantiation that retinol-based topical

9

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1    applications like the Products can make a person look younger or prevent and repair wrinkles, fine

2    lines, age spots, or other signs of aging within one week (there is not), the dosage of retinol in the

3    Products is so negligible as to make it impossible to cause the advertised effect.

4        70.    Despite this, Defendant markets and advertises the Products in a false and deceptive

5    manner.

6        71.    Defendant does so through a uniform and consistent message that the Products can

7    effectuate an impossible result, thereby tempting a vulnerable class of people with the hope of a

8    quick fix or a way to avoid the embarrassing exterior effects of intrinsic aging.

9        72.    Defendant has disseminated this uniform message on the product labels and

10    packaging, as well as through a broad range of media, including, by way of example and without

11    limitation, print media, web site, point-of-purchase displays, and the like.

12        73.    Defendant's advertising, including product label and packaging, print, television,

13    and internet advertising, conveys a single, consistent false and misleading message to consumers:

14    that the Products are "clinically proven" and can prevent and repair wrinkles, fine lines, age spots,

15    or other signs of aging within one week, as more thoroughly described in paragraphs 74(a)-(f),

16    75(a)-(f), 76(a)-(g), 77(a)-(i), 78(a)-(f), and 79(a)-(d), *infra*.

17        74.    The false and misleading representations concerning  Neutrogena Rapid Wrinkle

18    Repair SPF 30 contained on each and every product package, as well as other forms of advertising,

19    including, by way of example and without limitation, internet ads, print ads, television ads, and/or

20    point-of-purchase displays, include the following:

21            a.    "Rapid Wrinkle Repair;"

22            b.    "clinically proven;"

23            c.    "visibly fade the look of stubborn wrinkles – including crow's feet, forehead & cheek

24                wrinkles;"

25            d.    "helps to smooth wrinkles fast and diminish the look of age spots;"

26            e.    "renews the look of skin throughout the day;" and

27            f.    "Skin is left feeling smooth and looking younger."

28        75.    The false and misleading representations concerning Neutrogena Rapid Wrinkle

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

10

Repair Night contained on each and every product package, as well as other forms of advertising, including, by way of example and without limitation, internet ads, print ads, television ads, and/or point-of-purchase displays, include the following:

    a. "Rapid Wrinkle Repair;"

    b. "clinically proven;"

    c. "visible results in just one week;"

    d. "helps to smooth wrinkles fast and diminish the look of age spots;"

    e. "renews the look of skin throughout the day;" and

    f. "Skin is left feeling smooth and looking younger."

76.    The false and misleading representations concerning Neutrogena Rapid Wrinkle Repair Serum contained on each and every product package, as well as other forms of advertising, including, by way of example and without limitation, internet ads, print ads, television ads, and/or point-of-purchase displays, include the following:

    a. "Rapid Wrinkle Repair;"

    b. "clinically proven;"

    c. "visible results in just one week;"

    d. "instantly smoothes skin and delivers visible results in just one week!;"

    e. "renews the look of skin throughout the day;"

    f. "smooth wrinkles fast and diminish the look of age spots;" and

    g. "Skin is left feeling smooth and looking younger."

77.    The false and misleading representations concerning Neutrogena Rapid Wrinkle Repair Eye contained on each and every product package, as well as other forms of advertising, including, by way of example and without limitation, internet ads, print ads, television ads, and/or point-of-purchase displays, include the following:

    a. "Rapid Wrinkle Repair;"

    b. "clinically proven;"

    c. "visible results in just one week;"

    d. "targets fine lines and crow's feet;"

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1      e.   "renews the look of skin throughout the day;"

2      f.   "fade the look of stubborn crow's feet;"

3      g.   "Brighten and even under eye area;"

4      h.   "Smooth fine lines and texture;"

5      i.   "Reduce the look of dark circles."

6      78.    The false and misleading representations concerning Neutrogena Healthy Skin Anti-

7   Wrinkle Cream SPF 15 contained on each and every product package, as well as other forms of

8   advertising, including, by way of example and without limitation, internet ads, print ads, television

9   ads, and/or point-of-purchase displays, include the following:

10     a.   "Anti-Wrinkle Cream;"

11     b.   "clinically proven;"

12     c.   "Visibly reduces appearance of fine lines, wrinkles[,] and age spots;"

13     d.   "It's clinically proven to both treat and help prevent fine lines, wrinkles[,] and other

14          signs of aging;"

15     e.   "even out skin tone;" and

16     f.   "Fine lines, wrinkles[,] and other signs of aging are visibly reduced."

17     79.    The false and misleading representations concerning Neutrogena Healthy Skin Anti-

18  Wrinkle Cream – Night contained on each and every product package, as well as other forms of

19  advertising, including, by way of example and without limitation, internet ads, print ads, television

20  ads, and/or point-of-purchase displays, include the following:

21     a.   "Anti-Wrinkle Cream;"

22     b.   "clinically proven;"

23     c.   "Visibly reduces appearance of fine lines, wrinkles[,] and age spots;" and

24     d.   "Softens and smoothes skin."

25     80.    These claims (as well as others) about the Products are false and misleading.

26     81.    Plaintiff and the Class did not obtain any of these advertised benefits.

27     82.    In fact, Neutrogena cannot substantiate any of the claims about the Products, nor

28  does it have a reasonable scientific basis to make such assertions, and its claims of preventing and

12

FIRST AMENDED CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1  repairing wrinkles, fine lines, age spots, or other signs of aging within one week are false and

2  misleading.

3      83.    During the course of this deception, Neutrogena has sold millions of units of the

4  Products based upon the false promises and misleading advertisements targeted at self-conscious

5  men and women.

6      84.    Plaintiff and the Class have suffered injury-in-fact and have lost money or property

7  as a result of their reliance upon Neutrogena's false representations.

8      85.    Indeed, Plaintiff and the Class purchased the Products because of the claims by

9  Neutrogena that the Products were "clinically proven" and capable of preventing and repairing

10  wrinkles, fine lines, age spots, and other signs of aging within one week.

11      86.    Plaintiff and the Class would not have purchased the Products if they had known

12  that the advertising as described herein was false.

13      87.    Neutrogena's false and misleading statements should be enjoined due to the lack of

14  scientific and other evidence that supports Neutrogena's outrageous claims of being "clinically

15  proven" and able to prevent and repair wrinkles, fine lines, age spots, or other signs of aging within

16  one week.

17      88.    In addition, Neutrogena should be compelled to provide restitution and damages to

18  those innocent consumers that Neutrogena duped into spending money on a product which, quite

19  simply, is incapable of effectuating the advertised benefits.

20      89.    Further, Neutrogena should be ordered to correct the false statements alleged herein,

21  to prevent Neutrogena from fraudulently inducing future consumers into spending money on the

22  Products.

23      90.    Neutrogena is aware that, unless information is placed on the front of its packaging,

24  the vast majority of consumers do not "discover" that information in a timeframe sufficient to make

25  an "informed choice" about purchasing the Products.

26      91.    Through its false and deceptive claims, Neutrogena has been successful in

27  fraudulently inducing consumers into purchasing the Products and, in the process, making millions

28  of dollars for Neutrogena.

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1

## VI.

## FIRST CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &

## PROFESSIONS CODE § 17200, *et seq.*

### (By Plaintiff against all Defendants)

92.     Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

93.     This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use and not for resale during the time period February 15, 2008 through the present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

94.     In the alternative, this cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who purchased the Products in the State of California for personal use and not for resale during the time period February 15, 2008 through the present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

95.     In the advertising of the Products, Neutrogena makes false and misleading statements regarding the benefits and the efficacy of the Products, particularly as the same applies to the purported ability to prevent and repair wrinkles, fine lines, age spots, or other signs of aging within one week.

96.     The Products do not perform as advertised.

97.     In fact, Neutrogena does not have the requisite competent and reliable scientific evidence to support the claims about the Products made in Neutrogena's advertising, nor does Neutrogena have a reasonable basis to make the assertions it makes.

98.     Neutrogena is aware that the claims that it makes about the Products are false,

14

FIRST AMENDED CLASS ACTION COMPLAINT

1    misleading, unsubstantiated, and unreasonable.

2         99.    As alleged in the preceding paragraphs, the misrepresentations by Neutrogena of the

3    material facts detailed above constitutes an unfair and fraudulent business practice within the

4    meaning of California Business & Professions Code § 17200.

5         100.   In addition, Neutrogena's use of various forms of advertising media to advertise, call

6    attention to, or give publicity to the sale of goods or merchandise that are not as represented in any

7    manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an

8    unlawful business practice within the meaning of Business & Professions Code §§ 17200 and

9    17531, which advertisements have deceived and are likely to deceive the consuming public, in

10   violation of Business & Professions Code § 17500.

11        101.   There were reasonably available alternatives to further Neutrogena's legitimate

12   business interests, other than the conduct described herein.

13        102.   All of the conduct alleged herein occurs and continues to occur in Neutrogena's

14   business.   Neutrogena's wrongful conduct is part of a pattern or generalized course of conduct

15   repeated on thousands of occasions daily.

16        103.   Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the

17   members of the Class seek an order of this Court enjoining Neutrogena from continuing to engage,

18   use, or employ their practice of advertising the sale and use of the Products.

19        104.   Likewise, Plaintiff and the members of the Class seek an order requiring Neutrogena

20   to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution

21   of the money wrongfully acquired by Neutrogena by means of responsibility attached to

22   Neutrogena's failure to disclose the existence and significance of said misrepresentations.

23        105.   Plaintiff and the Class have suffered injury-in-fact and have lost money or property

24   as a result of Neutrogena's false representations.

25        106.   Indeed, Plaintiff purchased the Products because of the claims by Neutrogena that

26   the Products were "clinically proven" and capable of preventing and repairing wrinkles, fine lines,

27   age spots, and other signs of aging within one week.

28        107.   Plaintiff would not have purchased the Products if she had known that the claims

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1  and advertising as described herein were false.

2  108.  The Products were and are worth less than the amount paid for them.

3

4  ## VII.

5  ## SECOND CAUSE OF ACTION

6  ## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &

7  ## PROFESSIONS CODE § 17500, *et seq.*

8  ### (By Plaintiff against all Defendants)

9  109.  Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs,

10  and incorporates the same as if set forth herein at length.

11  110.  This cause of action is brought pursuant to Business and Professions Code § 17200,

12  *et seq.*, on behalf of a Class consisting of all persons who purchased the Products in the State of

13  California for personal use and not for resale during the time period February 15, 2008 through the

14  present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any

15  individual who received remuneration from Neutrogena in connection with that individual's use or

16  endorsement of the Products.

17  111.  In the alternative, this cause of action is brought pursuant to Business and

18  Professions Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who purchased

19  the Products in the United States for personal use and not for resale during the time period

20  February 15, 2008 through the present. Excluded from the Class are Neutrogena's officers,

21  directors, and employees, and any individual who received remuneration from Neutrogena in

22  connection with that individual's use or endorsement of the Products.

23  112.  In their advertising of the Products, Neutrogena makes false and misleading

24  statements regarding the benefits and the efficacy of the Products, particularly as the same applies

25  to the prevention and repair of wrinkles, fine lines, age spots, or other signs of aging within one

26  week, all as set forth above.

27  113.  The Products do not perform as advertised.

28  114.  In fact, Neutrogena does not have any competent and reliable scientific evidence to

16

FIRST AMENDED CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1  support the claims about the Products made in Neutrogena's advertising, nor do they have a
2  reasonable basis to make such claims.

3      115. Neutrogena is aware that the claims that they make about the Products are false,
4  misleading, unsubstantiated, and unreasonable.

5      116. As alleged in the preceding paragraphs, the misrepresentations by Neutrogena of the
6  material facts detailed above constitutes an unfair and fraudulent business practice within the
7  meaning of California Business & Professions Code § 17200.

8      117. In addition, Neutrogena's use of various forms of advertising media to advertise, call
9  attention to or give publicity to the sale of goods or merchandise that are not as represented
10 constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful
11 business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which
12 advertisements have deceived and are likely to deceive the consuming public, in violation of
13 Business & Professions Code § 17500.

14     118. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the
15 members of the Class seek an order of this Court enjoining Neutrogena from continuing to engage,
16 use, or employ their practice of advertising the sale and use of the Products. Likewise, Plaintiff
17 and the members of the Class seek an order requiring Neutrogena to disclose such
18 misrepresentations, and additionally request an order awarding Plaintiff restitution of the money
19 wrongfully acquired by Neutrogena by means of responsibility attached to Neutrogena's failure to
20 disclose the existence and significance of said misrepresentations.

21     119. Plaintiff and the Class have suffered injury-in-fact and have lost money or property
22 as a result of Neutrogena's false representations.

23     120. Indeed, Plaintiff purchased the Products because of the claims by Neutrogena that
24 the Products were "clinically proven" and capable of preventing and repairing wrinkles, fine lines,
25 age spots, or other signs of aging within one week.

26     121. Plaintiff would not have purchased the Products if she had known that the
27 advertising as described herein was false.

28     122. The Products were and are worth less than the amount paid for them.

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

17

**VIII.**

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*

### (By Plaintiff against all Defendants)

123.   Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

124.   This cause of action is brought pursuant to Civil Code § 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use and not for resale during the time period February 15, 2008, through the present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

125.   In the alternative, this cause of action is brought pursuant to the CLRA on behalf of a Class consisting of all persons who purchased the Products in the State of California for personal use and not for resale during the time period February 15, 2008, through the present. Excluded from the Class are Neutrogena's officers, directors, and employees, and any individual who received remuneration from Neutrogena in connection with that individual's use or endorsement of the Products.

126.   The Class consists of thousands of persons, the joinder of whom is impracticable.

127.   There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Neutrogena represented that the Products have characteristics, benefits, uses or quantities which they do not have; (b) Whether the existence, extent and significance of the major misrepresentations regarding the purported benefits, characteristics and efficacy of the Products violate the Act; and (c) Whether Neutrogena knew of the existence of these misrepresentations.

128.   The policies, acts, and practices heretofore described were intended to result in the sale of the Products to the consuming public, particularly men and women with unsightly and

18

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1  embarrassing skin conditions, and violated and continue to violate § 1770(a)(5) of the CLRA by
2  representing that the Products have characteristics, benefits, uses, or quantities which they do not
3  have.

4      129.    Simply put, the Products do not perform as advertised.

5      130.    Neutrogena fraudulently deceived Plaintiff and the Class by representing that the
6  Products have certain characteristics, benefits, uses, and quantities which they do not have (i.e., the
7  Products can prevent or repair wrinkles, fine lines, age spots, or other signs of aging within one
8  week).

9      131.    In doing so, Neutrogena intentionally misrepresented and concealed material facts
10  from Plaintiff and the Class, specifically, that the Products cannot prevent or repair wrinkles, fine
11  lines, age spots, or other signs of aging within one week.

12      132.    Said misrepresentations and concealment were done with the intention of deceiving
13  Plaintiff and the Class and depriving them of their legal rights and money.

14      133.    Neutrogena knew that the Products are not "clinically proven" and do not cause
15  and/or assist consumers with preventing or repairing wrinkles, fine lines, age spots, or other signs
16  of aging within one week as represented in Neutrogena's advertisements and on Neutrogena's
17  packaging.

18      134.    Neutrogena's actions as described hereinabove were done with conscious disregard
19  of Plaintiff's rights and Neutrogena was wanton and malicious in its concealment of the same.

20      135.    Plaintiff actually relied on said misrepresentations for the purchase of the Products.

21      136.    Plaintiff used the Products as instructed.

22      137.    Yet, Plaintiff did not obtain any of the advertised benefits.

23      138.    Plaintiff would not have purchased the Products had she known the Products did not
24  work as advertised.

25      139.    The Products were and are worth less than the amount paid for them.

26      140.    Accordingly, Plaintiff and the Class have suffered injury-in-fact and have lost
27  money as a result of Neutrogena's false representations.

28  ///

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

## IX.

### FOURTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

#### (By Plaintiff against all Defendants)

141.    Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

142.    Neutrogena expressly warranted on each and every box of the Products that said Products are "clinically proven" to prevent and repair wrinkles, fine lines, age spots, or other signs of aging within one week, all as set forth above.

143.    Neutrogena's claims constitute an affirmation of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise.

144.    Plaintiff placed importance on Neutrogena's claims.

145.    All conditions precedent to Neutrogena's liability under this contract have been performed by Plaintiff and the Class.

146.    Neutrogena breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing Products that can perform as advertised.

147.    As a result of Neutrogena's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

## X.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.      An order certifying that the action may be maintained as a Class Action;

B.      An order enjoining Neutrogena from pursuing the policies, acts, and practices complained of herein;

C.      An order requiring Neutrogena to pay restitution to Plaintiff and all members of the Class;

FIRST AMENDED CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

1    D.    Actual damages;

2    E.    Punitive damages;

3    F.    For pre-judgment interest from the date of filing this suit;

4    G.    Reasonable attorney fees;

5    H.    Costs of this suit; and

6    I.    Such other and further relief as the Court may deem necessary or appropriate.

7

8

9    DATED: JUNE 22, 2012                          **RED LAW, LLP**

10

11

12                                         /s/ Ryan J. Clarkson
                                          Ryan J. Clarkson
13                                        Edward D. Dubendorf
                                          Attorneys for Plaintiff and the Proposed
14                                        Plaintiff Class

FIRST AMENDED CLASS ACTION COMPLAINT

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: JUNE 22, 2012                          **RED LAW, LLP**


                                                  /s/ Ryan J. Clarkson
                                              Ryan J. Clarkson
                                              Edward D. Dubendorf
                                              Attorneys for Plaintiff and the Proposed
                                              Plaintiff Class

Red Law, LLP
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

22

FIRST AMENDED CLASS ACTION COMPLAINT

## **PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed and served through the Court's system upon the following:

Richard B. Goetz (SBN 115666)
Jaclyn Blankenship (SBN 267524)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
(213) 430-6000 (tel)
(213) 430-6407 (fax)

Matthew D. Powers (SBN 212682)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
(415) 984-8700 (tel)
(415) 984-8701 (fax)

This 22nd day of June, 2012.

                                        /s/ Ryan J. Clarkson
                                        Ryan J. Clarkson, Esq.
                                        Attorney for Plaintiff and the
                                        Proposed Plaintiff Class