RICHARD GOETZ (S.B. #115666)
rgoetz@omm.com
ROBERT M. SWERDLOW (S.B. #200266)
rswerdlow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
JILLIAN M. SOMERS (S.B. #267544)
jsomers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
NEUTROGENA CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MARA CHOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEUTROGENA CORP., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. CV 12-04624 R (JCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: January 7, 2013<br>Time: 10:00 a.m.<br>Court: 8<br>Judge: Hon. Manuel L. Real |

**ORDER DENYING**

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Mara Chow's motion for class certification (Doc. No. 25) ("class certification motion") came on regularly for hearing at 10:00 a.m. on January 7, 2013. Ryan Clarkson, Edward Dubendorf, and Eric Zard appeared on behalf of Plaintiff Mara Chow ("Plaintiff"). Richard Goetz and Matthew D. Powers appeared on behalf of Defendant Neutrogena Corporation ("Defendant" or "Neutrogena"). After considering all of the papers filed in support of, and in opposition to, Plaintiff's class certification motion and hearing argument from counsel, the Court hereby orders as follows:

In seeking class certification, the plaintiff must demonstrate by a preponderance of the evidence that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b) are established. In determining whether the class certification requirements are met, plaintiff's claims are put to a rigorous analysis requiring plaintiff to provide significant proof demonstrating that the class certification elements have been met. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

Before reaching the merits of the class certification motion, the Court briefly addresses the *ex parte* and the sur-reply that were filed. The Court has discretion whether to consider the sur-reply and the evidence submitted therewith. *See* L.R. 7-10; *Springs Industries, Inc. v. American Motors Ins. Co.*, 137 F.R.D. 238 (N.D. Tex. 1991). Because it is not equitable to allow a party to withhold substantial and material evidence and argument from its moving papers only to submit it to the reply to which the opposing party is not afforded an opportunity to respond, the Court granted Defendant's *ex parte* application to file a sur-reply.

Consequently, the Court has reviewed and considered all papers filed in connection with Plaintiff's motion for class certification, and after full consideration, the Court finds that the class action device is not appropriate in this

case.  There are significant doubts as to Plaintiff's ability to meet the threshold requirements of commonality, typicality, and adequacy.  Fed. R. Civ. P. 23(a).  Moreover, even assuming the requirements of Rule 23(a) can be satisfied, the class action device is not appropriate in this case because individual issues predominate over common questions of law and fact.  Fed. R. Civ. P. 23(b)(3).

The Court also finds that Plaintiff's request for certification under Federal Rule of Civil Procedure 23(b)(2) is not appropriate because given the magnitude of the dollar amount of restitution at stake and the lack of adequate injunctive remedy to relieve the alleged class injuries, it is evident that money damages are the true purpose of this action.  *Dukes*, 131 S. Ct. at 258.

To certify a class under Rule 23(b)(3), questions of law or fact common to the class must predominate over questions affecting the individual members.  Additionally, the class action device must be superior to other methods available for adjudicating the controversy.  For each of Plaintiff's claims here, she must demonstrate that each class member was exposed to the advertisements, and that as to each class member, the advertisements were false or misleading -- that is, that each class member suffered the same injury.  In addition, for Plaintiff's CLRA and express warranty claims, she must demonstrate that class members relied upon the representations in the advertisements.

In this case, there are significant individualized questions as to whether the product worked as advertised for each individual class member.  Resolving this question would necessitate consulting each class member individually to determine if they experienced the advertised result.  Because those class members for whom the product worked as advertised would not have suffered the same injury as Plaintiff, the class cannot be sustained without resorting to individualized inquiries into the merits of each class member's claims, and therefore the class device is not appropriate.  *Campion v. Old Republic Home Prot. Co., Inc.*, 272 F.R.D. 517 (S.D. Cal. 2011).

Plaintiff's CLRA and express warranty claims suffer from the additional individualized issue of demonstrating reliance. Plaintiff argues the material misrepresentation doctrine applies here. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011). However, the alleged misrepresentations at issue are not subject to an inference of classwide reliance because, among other reasons, a significant portion of consumers who purchased the product were repeat purchasers. Plaintiff has not provided significant proof to distinguish between mere favorability toward products bearing the Neutrogena brand name, for example, and reliance upon specific advertised benefits of the products in this case. Moreover, Plaintiff has not shown how the Court could distinguish between repeat purchasers who actually received benefits from the product and repeat purchasers who were deceived again.

In addition to individual issues predominating, the Court finds that the class action device is not superior in this case due to the potential difficulties in managing the class. Fed. R. Civ. P. 23(b)(3)(D). An important aspect to the manageability factor is the prohibition on fail-safe classes. *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011). Here, the class definitions provided by Plaintiff do not exclude those uninjured class members for whom the product provided the advertised benefits, therefore, the classes, as defined, are unmanageable.

Consequently, Plaintiff's motion for class certification is hereby **DENIED**.

Dated:_January 22, 2013__

Honorable Manuel L. Real
United States District Judge